UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORRIS WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CV-0004-CVE-JFJ |
| ) | |
| PATRIES WILLIAMSON and ) | |
| DAVIN WILLIAMSON, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2). Plaintiff Norris Williamson, proceeding pro se, filed this case against Patries Williamson and Davin Williamson broadly alleging that defendants committed "slander, discrimination, assault and conspiracy . . . ." Dkt. # 2, at 1. He also alleges that defendants violated his "religious rights," although there are no factual allegations that would clarify the basis for any of his claims. Plaintiff states that he resides in Tulsa, Oklahoma, and he alleges that both defendants reside in Jacksonville, Florida. Id. Plaintiff is seeking damages of up to $40,000 against defendants. Id. at 2. The complaint does not cite any statute or constitutional provision, and the factual and legal basis for plaintiff's claims is unclear.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors

Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that the parties are diverse, but the amount in controversy does not exceed $75,000 and there is no basis for the Court to exercise diversity jurisdiction over this case. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). The Court has liberally construed the allegations of plaintiff's complaint, and plaintiff has not alleged any claim arising under federal law. The

complaint broadly alleges that defendants discriminated against plaintiff and violated his "religious rights," but plaintiff's sparse factual allegations do not state a claim under any federal statute or constitutional provision. Plaintiff's reference to his "religious rights" could be construed as an attempt to allege a violation of his right to the free exercise of religion, but the First Amendment protects only against government infringement of a person's free exercise of religion and it does not extend to private conduct. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993).

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 18th day of January, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE